UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ALICE TOUSSAINT,
KIMANI C. TOUSSAINT, JR.,
DIANA TOUSSAINT, JR.,

        Plaintiffs,    :  Civil Action No.: 11-5613

    v.

PROGRESSIVE FINANCIAL SERVICES, INC.; :
JOHN DOE 1;
        Defendants.

# FIRST AMENDED COMPLAINT

**A.**    **Jurisdiction and Venue**

1. Jurisdiction arises under 15 U.S.C. §227 et seq., 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.**    **Parties**

3. Plaintiff Alice Toussaint, is a natural person married to and residing with debtor at 1000 66th Avenue, Philadelphia, PA 19126 (hereinafter "Mrs. Toussaint").

4. Plaintiff Kimani C. Toussaint, Jr. is a natural person who resides at 1014 W. John Street, Champaign, IL 61821 (hereinafter "Mr. Toussaint, Jr.") and is the son of debtor and plaintiff Mrs. Toussaint, Sr.

5. Plaintiff Diana Toussaint, is a natural person who resides at 1014 W. John Street, Champaign, IL 61821 and is the wife of co-plaintiff Kimani C. Toussaint, Jr. (hereinafter "Mrs. Toussaint").

6. Defendant Progressive Financial Services, Inc. ("PFS") is a corporation with principal offices at 1919 West Fairmont Drive, Building 8, Tempe, AZ 85282. PFS regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

7. PFS is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C.§153(10).

8. Defendants John Does 1-10, is a natural person employed by Defendant PFS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). John Does 1-10 illegally placed collection calls to third parties unrelated to the debt as described herein.

C. **Factual Allegations**

9. Plaintiff Kimani C. Toussaint, Sr. (non –party) is a natural person who resides at 1000 66th Avenue, Philadelphia, PA 19126 (hereinafter "debtor").

10. Prior to the collection activity hereinafter described, debtor had an outstanding educational loan with the U.S. Department of Education (Kimani Toussaint Sr. is referred to as "debtor" and his student loan as "the debt").

11. In Debtor's Student Loan Applications and Promissory Notes for the debt, he did not list any cellular telephone number belonging to his wife.

2

12.     In early April, 2011, Debtor received a telephone call from PFS concerning the debt.

13.     Debtor requested that Defendants validate the debt by producing a copy of the loan promissory notes to show the amount of money borrowed as a basis to negotiate a payment plan for the sum.

14.     Mr. Jenkins objected claiming that it would be difficult to request copies from the U.S. Department of Education. Finally, he agreed to arrange for the copies and would send them to me.

15.     Debtor received at his home address in Pennsylvania only a one page unitemized collection invoice for the alleged total amount of the debt.

16.     Debtor called again for the debt to be validated and again received the same collection invoice.

17.     Because defendants would not explain how the amount of debt was arrived at, plaintiff discontinued contact with defendants.

18.     Upon information and belief, because Debtor discontinued contact with defendants due to their refusal to explain the alleged debt amount, defendants began a campaign of harassment against Mrs. Toussaint, Junior and his family to intimidate Debtor into payment of the debt.

**TCPA Related Conduct**

19.     Notwithstanding the fact that Mrs. Toussaint, Sr. did not provide Defendants with her cellular number at any time during the transaction that resulted in the debt owed to Defendants, Defendants repeatedly contacted her on her cellular telephone.

20.     All telephone contact by PFS to third parties described herein on his

cellular telephone occurred via an "automatic telephone dialing system", as defined by 47 U.S.C.§227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

21. From early May through mid-June, 2011, PFS placed numerous phone calls to plaintiff's wife's cell phone totaling, upon information and belief, at least thirty (30) times in all.

22. Plaintiff's wife is unrelated to the debt as is well known to PFS.

23. By the time of the 2nd call to Mrs. Toussaint, Sr., PFS confirmed that it was reaching plaintiff's wife's cell phone and not plaintiff's phone.

24. Defendants left messages for Mr. Toussaint, Jr. on his cell phone from 800-745-2166 on July 26 at 4:11 p.m. and on July 28 at 7:29 p.m., central time stating that they wanted to get in touch with debtor.

25. Neither plaintiff nor anyone authorized by them ever provided Mr. Toussaint, Jr.'s cell phone number to Defendants.

26. Prior to placing these July calls to Mr. Toussaint, Jr.'s cell phone, PFS had confirmed with Mr. Toussaint, Jr.'s employer on June 17, 2011 at 9:08AM that Mr. Toussaint, Jr. was not the debtor.

27. On or about, July 29, 2011, Defendants called Mrs. Toussaint, Jr. on her cell phone in Champaign, Illinois from 800-745-2166 and Mr. Toussaint, Jr.'s mother-in-law in Houston, Texas on her home phone on July 28.

**D.   Causes Of Action**

### COUNT I - NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION (ACT 47 U.S.C. § 227 et seq.)

28. The allegations above are re-alleged and incorporated herein by reference.

4

29. The foregoing acts and omissions of defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii) by each and every call in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

**COUNT II - KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.**

30. The allegations above are re-alleged and incorporated herein by reference.

31. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii) by each and every call in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

32. "Willful" is defined as "the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any . . . rule or regulation of the Commission . . . ." 47 U.S.C. § 312 (f)(1).

33. Defendant intentionally and voluntarily made thirty (30) calls to Mrs. Toussaint, Sr.'s cell phone.

**COUNT III – EQUITY**
*Debtor v. Progressive*

34. Plaintiff re-allege all prior paragraphs as if set forth fully herein.

35. Plaintiff demands equitable relief in the form of defendant being ordered to render accurate accounting of his loan(s) including but not limited to production of the

original loan agreements, amortization tables, and breakdown of all costs and fees assessed against him.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

A. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

D. for defendants' negligent violations of 47 U.S.C.§227(b)(1), $500.00 in statutory damages for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

E. for defendants' willful and/or knowing violations of 47 U.S.C.§ 227(b)(1), up to $1,500.00 for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

F. for actual and punitive damages for invasion of privacy;

G. for such other and further relief as may be just and proper.

Dated: December 19, 2011             RC935
                                                       ROBERT P. COCCO, P.C.

Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200
**Attorney for Plaintiffs**